UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO. 2:19-cv-560

ISLAND ROOFING AND RESTORATION, LLC
(a/a/o Dawnmarie Peterson
and Michele Peterson),

    Plaintiff,

vs.

GEOVERA SPECIALTY INSURANCE
COMPANY,

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant, GEOVERA SPECIALTY INSURANCE COMPANY ("GEOVERA"), hereby files its Notice of Removal of that certain cause of action now pending in the Circuit Court of the Twentieth Circuit in and for Lee County, Florida, styled *ISLAND ROOFING AND RESTORATION, LLC (a/a/o Dawnmarie Peterson and Michele Peterson) vs. GEOVERA SPECIALTY INSURANCE COMPANY*, Case No. 19-CA-004201, stating as follows:

1.     GEOVERA is incorporated under the laws of Delaware with its principal place of business located in California. Therefore GEOVERA is a Citizen of Delaware and California.

2.     GEOVERA is a surplus lines insurer in the State of Florida. GEOVERA is a Defendant in the above-styled cause. *See Florida Office of Insurance regulation website https://www.floir.com/CompanySearch/each_comp.aspx?IREID=102515&AUTHID=102515&FICTNAME=&CCRCNAME=&passCompanyType=SURPLUS%20LINES&passCompanyName=GEOVERA%20SPECIALTY%20INSURANCE%20COMPANY attached here as Exhibit "A."*

7437010v.1

3. This action was commenced in the Circuit Court of the Twentieth Circuit in and for Lee County, Florida, and service of process was effected on GEOVERA on July 18, 2019.

4. This is a civil action brought by Plaintiff, *ISLAND ROOFING AND RESTORATION, LLC (a/a/o Dawnmarie Peterson and Michele Peterson)* ("Plaintiff") seeking to recover damages in excess of $15,000, plus interest, costs, and attorney's fees under a contract for insurance issued by GEOVERA to Dawnmarie Peterson and Michele Peterson. *See Plaintiff's Complaint attached hereto as Exhibit "B".*

5. GEOVERA issued a homeowners insurance policy bearing policy number GH50032072 to Dawnmarie Peterson and Michele Peterson, for real property located at 11072 Lakeland Circle, Fort Myers, Florida 33913.

6. According to the Complaint, Plaintiff is seeking payment of losses incurred to real property for a loss sustained on September 10, 2017, which Plaintiff alleges is owed under the subject insurance policy, plus attorney's fees, costs and interest.

7. GEOVERA investigated the claim and concluded that some of the claimed damage was not covered under the policy. The remaining portion of the damages were covered but fell below the applicable deductible. As a result there are no additional benefits due and owing.

8. On April 24, 2019, GEOVERA received Plaintiff's assignment of benefits contract which is also attached to Plaintiff's Complaint, and an estimate for a roof replacement, from Plaintiff in the amount of $112,377.31. *See Plaintiff's estimate attached hereto as Exhibit "C".* The actual amount of the deductible is $7,200.00, which would make the total amount damages Plaintiff is seeking $105,177.31.

9. Based on the allegations contained in the Complaint, specifically paragraph 13 which states that GEOVERA "has breached the Policy by failing to pay Plaintiff all assigned proceeds due and owing under the Policy." Therefore, it appears that Plaintiff is alleging that $105,177.31 is owed to it. GEOVERA denies this allegation and disputes that any additional amount is owed to Plaintiff.

10. The Diversity of each member of an LLC must also be established. Based on Plaintiff's amended annual report filed in June 2019, there are two members of the LLC, Jason Martin and Joshua Martin. *See Plaintiff's Amended Annual Report dated June 25, 2019 filed with the Florida Secretary of State attached hereto as Exhibit "D."*

11. "Citizenship," or domicile," is determined by two elements: (1) physical presence within a state; and (2) the mental intent to make a home there indefinitely. *Mississippi Band of Choctaw Indians*, 490 U.S. at 48, 109 S.Ct. at 1608; *Texas v. Florida*, 306 U.S. 398, 424, 59 S.Ct. 563, 576, 83 L.Ed. 817 (1939); *Scoggins v. Pollock*, 727 F.2d 1025, 1026 (11th Cir.1984).

12. In determining domicile, a court should consider both positive evidence and presumptions. *Mitchell v. United States*, 88 U.S. (21 Wall.) 350, 352, 22 L.Ed. 584 (1874). One such presumption is that the state in *which a person resides at any given time is also that person's domicile. District of Columbia v. Murphy*, 314 U.S. 441, 455, 62 S.Ct. 303, 309–10, 86 L.Ed. 329 (1941); Stine v. Moore, 213 F.2d 446, 448 (5th Cir.1954). *See generally 13B Charles Ala Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3612.*

13. Facts frequently taken into account include but are not limited to: current residence; residence of family and dependents; place of employment and name of business; voting registration and voting practices; location of personal and real property; location of brokerage and bank accounts; membership in church, clubs, and business organizations; driver's license and

7437010v.1

automobile registration; and payment of taxes. *Garcia v. American Heritage Life Ins. Co.*, 773 F.Supp. 516, 520 (D.P.R.1991); 13B *Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice and Procedure § 3612.*

14. Jason Martin along with his wife Jill Martin, owns real property located at 5840 Shady Oaks Lane, Naples, Florida 34110. Therefore, Jason Martin is a citizen of Florida. *See Jason Martin's property deed attached hereto as Exhibit "E."*

15. Joshua Martin along with his wife Melanie Martin, owns real property located at 236 Johnny Cake Drive, Naples, Florida 34110. Therefore, Joshua Martin is a citizen of Florida. *See Joshua Martin's property deed attached hereto as Exhibit "F."*

16. At the time when the suit was instituted and at all times material to this action, Plaintiff, was a Citizen of Florida. At the time when this action was commenced and at the present time and at all times material to this action, GEOVERA was and is a corporation organized and existing under the laws of the State of Delaware, and having its principal place of business in California, and thus a citizen of Delaware and California. Complete diversity exists between the parties in accordance with 28 U.S.C. §1332.

17. The matter in controversy herein exceeds the sum of $75,000.00, exclusive of interest, attorney's fees and costs. This fact is demonstrated by the extent of damage claimed by the Plaintiff's Complaint, and Plaintiff's estimate in the amount of $105,177.31.

18. Copies of all process, pleadings and orders served upon GEOVERA, and such other papers or exhibits as are required by Local Rules of Court, are filed herein, with the exception of discovery served with the Complaint.

WHEREFORE, Defendant, GEOVERA SPECIALTY INSURANCE COMPANY, prays that this Honorable Court exercise jurisdiction over this matter.

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on **August 7, 2019**, a true and correct copy of the foregoing was sent by email to: **S. Paris R. Webb, Esq.**, of **ARNESEN WEBB, P.A.**, at paris@insurancelawyers.orq, and eservice@insurancelawyers.org, Attorney for Plaintiff.

                                    Wilson Elser Moskowitz Edelman & Dicker LLP

                                    By:  *Nyasha S. Seale*
                                        NYASHA S. SEALE, ESQUIRE
                                        Florida Bar No. 098771
                                        LUCIE A. ROBINSON, ESQUIRE
                                        Florida Bar No. 113088
                                        nyasha.seale@wilsonelser.com
                                        lucie.robinson@wilsonelser.com
                                        alisha.taylor@wilsonelser.com
                                        111 North Orange Avenue, Suite 1200
                                        Orlando, Florida 32801
                                        Telephone: (407) 203 -7570
                                        Facsimile: (407) 648 - 1376
                                        Attorneys for Defendant, GEOVERA
                                        SPECIALTY INSURANCE COMPANY

7437010v.1